ELEANOR W. GILMAN *vs.* JOHN WILLS *et al.*

Kennebec, 1876.—May 31, 1877.

*Mortgage.*

A mortgagee of land has the right of immediate possession of the mortgaged premises, unless it is otherwise agreed between him and the mortgageor, and

may enter and harvest the crops growing upon the land; and an action of trespass cannot be maintained against him by the mortgageor for so doing.

An action will not lie by a mortgageor against his mortgagee for entering and harvesting the crops, unless the mortgageor is occupying, under an agreement, as tenant of the mortgagee.

ON EXCEPTIONS.

TRESPASS *quare clausum.*

*Plea,* general issue, with brief statement alleging license, and soil and freehold. The writ dated April 7th, 1874, alleged a breaking and entering by the defendants, August 27, 1873, and September 22, 1873, and a taking and carrying away of certain growing crops.

The plaintiff claimed title to the *locus,* under deed of warranty from the defendants to her, August 25, 1873, for the consideration of six hundred dollars. On the same day, and as a part of the same transaction, the plaintiff re-conveyed the premises to the defendants, by mortgage, with the usual covenants, to secure the payment of five hundred dollars of the purchase money, in one, two, three, four and five years from date; the mortgage deed containing no provision that the plaintiff should have possession until condition broken.

The farm had been occupied and carried on the season before the sale to the plaintiff, by Albert L. Wills, one of the defendants, and the growing crops alleged to have been taken, were planted and cultivated by him; but the plaintiff had taken possession of the farm before the alleged breaking and entering. There was no evidence that defendants entered under their mortgage; · but the evidence tended to show that they entered under a claim of title to the crops, and to take and carry them away.

The defendants' counsel requested the presiding judge to instruct the jury that if the premises upon which the alleged trespasses were committed, were conveyed by the defendants to the plaintiff, and at the same time, and as a part of the same transaction, they were conveyed in mortgage to the defendants without any provision in the mortgage deed that the plaintiff should have the right to possession until condition broken, the defendants would have the right to possession; and an action of trespass *quare clausum* could not be maintained against them by the mortgageor, for an entry upon the mortgaged premises.

For the purpose of having the damages assessed by the jury, the judge declined to give the instruction requested, and instructed the jury, that the action could be maintained for breaking and entering. The jury assessed damages in the sum of $26.10 ; and the defendants alleged exceptions.

*E. O. Bean,* for the defendants.

*G. C. Vose & L. T. Carleton,* for the plaintiff.

VIRGIN, J. A mortgage of land, as usually drawn, is in form a deed of warranty with a condition subsequent defining the means by which the grantor may defeat the conveyance. The legal title, therefore, passes immediately upon the delivery of the mortgage; and the mortgagee is regarded as having all the rights of a grantee in fee, subject to the defeasance. Consequently he has the right of immediate possession of the premises, before condition broken as well as after, unless it otherwise appears, either expressly or impliedly, from the terms of the condition of the mortgage or other writing between the parties. *Blaney* v. *Bearce,* 2 Maine, 132. *Brown* v. *Leach,* 35 Maine, 39. *Norton* v. *Webb,* 35 Maine, 218. This doctrine, so well settled by repeated decisions, has been incorporated into the statutes of the state. R. S., c. 90, § 2.

The relation between mortgageor and mortgagee is not that of landlord and tenant. *Reed* v. *Elwell,* 46 Maine, 270, 279 ; *Hastings* v. *Pratt,* 8 Cush. 121 ; although they may by agreement create that relation. *Marden* v. *Jordan,* 65 Maine, 9. So long as the mortgageor, without the entry, of the mortgagee, continues in possession, his possession is rightful, but in the absence of any agreement to the contrary he is not liable for rent. *Butler* v. *Page,* 7 Met. 40, 42. Neither, upon the entry of the mortgagee, is the mortgageor like a tenant entitled to emblements. 1 Wash. R. Prop. 124, § 21, and notes.

The case finds that the crops in question were planted by the mortgagee prior to his conveyance to the plaintiff. There being no reservation of them in the deed, and they not being severed from the soil at the time of the delivery of the deed, they with the soil became vested in . the plaintiff (*Brown* v. *Thurston,* 56 Maine, 126 ;) and by the mortgage they became revested in the

defendants. Being the defendants' they could enter and take them, but would be accountable therefor in case of redemption of the mortgage. R. S., c. 90, § 2. .

The gist of the action is unlawful entry. But in this case, the entry was lawful and covers the whole case. *Lackey* v. *Holbrook*, 11 Met. 458. *Chellis* v. *Stearns*, 22 N. H. 312. If the mortgageor would have the result otherwise, he could do so by a stipulation in the mortgage that he should remain in possession until default in the condition. *Exceptions sustained*.

APPLETON, C. J., WALTON, PETERS and LIBBEY, JJ., concurred.